UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK, | No.  2:23-cv-01344 TLN CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| FARHAN MALIK, et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, commenced this action and paid the filing fee on July 10, 2023.  (ECF Nos. 1 & 2.)  This action proceeds on the first amended complaint ("FAC") filed August 18, 2023.  (ECF No. 9.)  Two defendants, Farhan and John Malik ("Malik defendants"), also proceeding pro se, have filed a motion to dismiss the FAC.  (ECF No. 14.)  Plaintiff has filed an opposition, and the Malik defendants have replied.  (ECF Nos. 20 & 28.)  This motion is presently before the court.

Additionally, defendants Wells Fargo and Robin Arias ("Wells Fargo defendants") have filed a motion to compel arbitration and stay these proceedings or, alternatively, to dismiss this action.  (ECF No. 25.)  Plaintiff has filed an opposition, and the Wells Fargo defendants have replied.  (ECF No. 37 & 38.)  The court addresses this motion as well.

////

1

1    I.      The Complaint

2        The FAC alleges as follows:

3    Plaintiff ("Dr. Malik") was born in a village in Pakistan. He attended medical school in

4    Pakistan and did post-graduate training in Canada, England, and the United States before settling

5    in Stockton, California.  He practiced medicine as an infectious disease specialist in Stockton

6    until his retirement in 2018, at the age of 85.  (FAC, ¶ 27.)

7        In 1991, Dr. Malik purchased 240 acres of land near Modesto, California and spent over $2

8    million of his personal funds developing it into an almond orchard.  (Id., ¶ 28.)  In 1995, he and

9    his wife, Parveen Malik, established a partnership, later converted into a limited liability

10   company, called G. and P. Malik LLC ("GPM"), registered in the State of California.  (Id., ¶¶ 2,

11   30-31.)  At all times, the operating agreement of GPM listed Dr. Malik "as the sole general

12   manager of the company and afforded me unfettered control and discretion when it came to the

13   management of the business and distribution of cash proceeds."  (Id., ¶ 32.)

14       By 2017, the almond trees were getting near the end of their productive lives, and Dr.

15   Malik decided to sell the orchard.  In March 2018, it was sold for $7.2 million, to be paid in three

16   installments.  (Id., ¶ 39.)  After the sale of the almond ranch in 2018, plaintiff's son, defendant

17   John Malik, "took over all the paperwork and creation of all the documents about the sale of [the]

18   almond ranch as well as my personal affairs. . . . I trust[ed] him as my son and signed the last

19   page of every document."  (Id., ¶ 35.)  When Dr. Malik reviewed the 2018 tax return for GPM, it

20   "showed both brothers moving large sums of money from the LLC account to their capital

21   account[.]"  (Id., ¶ 18.)

22       On June 9, 2021, defendant Farhan Malik "conspired with his brother John Malik and held

23   a secret meeting to dissolve" GPM.  (Id., ¶ 1.)  "Farhan hacked the LLC website [and] changed

24   the account number and password, and stole all the money from the LLC."  (Id., ¶ 4.)  "Farhan

25   immediately wrote a check for $2 million to his younger brother John Malik and transferred the

26   rest of the money into his own personal account."  (Id., ¶ 4.)  "Parveen passed away on July 6,

27   2022 and John is keeping [a] significant amount of money left over after her death illegally."

28   (Id., ¶ 47.)

Defendant Robin Arias, employed by defendant Wells Fargo Advisors, is the financial advisor for GPM.  Id., ¶¶ 5, 13.  Arias "neglected his fiduciary duty" and cleared the Malik brothers' checks "without authority to do so."  (Id., ¶ 5.)  Arias and the Malik brothers "conspired to carry out this theft without plaintiff's knowledge or permission and tried to keep it secret from the plaintiff for as long as possible."  (Id., ¶6.)  An October 7, 2021, letter from a Wells Fargo advisor informed Dr. Malik that he was "no longer an authorized party on the . . . account, and . . . recommended that I discuss the matter further with the authorized individuals" for GPM.  Id. at 25.  "How Wells Fargo Advisors can decide that I am no longer an authorized party on Wells Fargo's G. and M. Malik LLC account is beyond my comprehension."  Id.

The FAC summarily asserts claims for "fraud and illegal interference" against all four defendants: the Malik brothers, Arias, and Wells Fargo.  (FAC at 2.)  However, it only seeks relief from defendant Wells Fargo.  (Id. at 25.)  Specifically, Dr. Malik seeks a court order directing Wells Fargo to (1) "return the money stolen by Farhan Malik on 6/9/21" with interest; (2) "pay compensatory damages for pain and suffering caused by their action" in the amount of "not less than 50 million dollars"; and (3) pay punitive damages for "conspiring with the Malik defendants to let them steal all my savings[.]"  (Id. at 25. )

II.    Legal Standards

Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)

3

1   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

2   litigation on the merits of a claim.").

3       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

4   complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

5   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

6   Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something

7   more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

8   right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

9   235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to

10  'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

11  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

12  factual content that allows the court to draw the reasonable inference that the defendant is liable

13  for the misconduct alleged."  Id.

14      In considering a motion to dismiss, the court must accept as true the allegations of the

15  complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

16  construe the pleading in the light most favorable to the party opposing the motion, and resolve all

17  doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

18  869 (1969).  The court will "'presume that general allegations embrace those specific facts that

19  are necessary to support the claim.'"  National Organization for Women, Inc. v. Scheidler, 510

20  U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

21  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

22  Haines v. Kerner, 404 U.S. 519, 520 (1972).

23      III.    Motions to Dismiss

24      All four defendants argue, among other things, that the FAC should be dismissed under Rule

25  12(b)(6) for failure to state a claim upon which relief can be granted.

26      1.   Pleading Deficiencies

27      First, while the FAC sets forth numerous factual allegations, it does not discuss specific legal

28  claims or attempt to meet the elements of those claims.  It cites no cases or statutory law, but

4

simply asserts that the Malik brothers committed "fraud and the crime of illegal interference[.]" (Id. at 2.)  The FAC further asserts that the Wells Fargo defendants "are being sued for lack of fiduciary duty, elderly [sic] abuse, and conspiracy[.]"  (Id. at 23.)  "Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories." Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008); see also id. ("A complaint need not identify the statutory or constitutional source of the claim raised.").  However, plaintiff has alleged wrongdoing spanning a three-year period (2018 to 2021) but tied no conduct to specific legal claims. The effect is "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" as to the various defendants.  Bell Atlantic, 550 U.S. 544.

Moreover, under the Rule 8 pleading requirements, plaintiff has not set forth a "short and plain statement" of his claim(s) against any defendant showing entitlement to relief.  He does not seek any relief from three of the four defendants (the Malik brothers and Arias), and his factual allegations against defendant Wells Fargo are brief and vague, failing to state a cognizable claim for breach of fiduciary duty[1], civil conspiracy[2], or elder abuse[3].  "Despite the liberal pleading standard of Rule 8, to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'"  Gallagher v. Cigna Healthcare of Maine, Inc., 538 F. Supp. 2d 286, 290 (D. Maine 2008), citing Bell Atlantic, 550 U.S. 544.

---

[1] "The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." Mosier v. Southern Cal. Physicians Ins. Exchange, 63 Cal. App. 4th 1022, 1044 (1998) (internal citation omitted).

[2] "To establish conspiracy, a plaintiff must allege that the defendant had knowledge of and agreed to both the objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage.  A conspiracy requires evidence that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." IIG Wireless, Inc. v. Yi, 22 Cal. App. 5th 60, 652 (2018) (internal quotes and citations omitted).

[3] There are three types of financial elder abuse under Cal. Welfare and Institutions Code § 15610.30: (1) taking real or personal property of an elder for a wrongful use or with intent to defraud; (2) assisting in the same; and (3) taking real or personal property of an elder by undue influence.  Levin v. Winston-Levin, 39 Cal. App. 5th 1025, 1034 (2019) (internal citations quotes omitted).

1    2.   Lack of Diversity Jurisdiction

2          There are also jurisdictional problems with the FAC.  Plaintiff seeks to bring this action in

3    federal court under diversity jurisdiction.  (FAC at 2.)  28 U.S.C. § 1332 authorizes district courts

4    to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or

5    value of $75,000.00 and the parties are citizens of different states.  To establish diversity

6    jurisdiction, the party asserting jurisdiction has the burden of showing that there is complete

7    diversity between the parties and that the amount in controversy "exceeds the sum or value of

8    $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Here, plaintiff seeks relief from

9    Wells Fargo in the amount of $50 million.  (FAC at 25.)

10         The diversity statute is strictly construed, and any doubts are resolved against finding

11   jurisdiction.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983) (citing

12   Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  Courts may dismiss a

13   purported diversity action where the amount alleged is in "bad faith" — i.e., solely to invoke

14   federal diversity jurisdiction.  "While a federal court must of course give due credit to the good

15   faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of

16   damages at face value, no matter how trivial the underlying injury."  Diefenthal v. C.A.B., 681

17   F.2d 1039, 1052 (5th Cir. 1982); see also Prasad v. Ocwen Loan Servicing, LLC, 2015 WL

18   4662785 at *4 (E.D. Cal. Aug. 5, 2015) (in diversity cases, the "liberal standard for jurisdictional

19   pleading is not a license for conjecture."), citing Morrison v. Allstate Indem. Co., 228 F.3d 1255,

20   1268 (11th Cir. 2000).  Here, as plaintiff has alleged no legal or factual basis for the claimed

21   damages of $50 million, the amount in controversy requirement is not met.  See McDaniel v.

22   Hinch, No. 2:17-cv-02448 KJM CKD (E.D. Cal.), Order dated July 11, 2018 ("[W]ith no stated

23   claim triggering either diversity or federal question jurisdiction, the complaint is properly subject

24   to dismissal for lack of jurisdiction.").

25         For these reasons, the court will grant defendants' motions and dismiss the FAC.[4]  However,

26   in light of plaintiff's pro se status, the court will grant him one opportunity to amend the

27

28   _____

[4] The court does not reach defendants' other arguments.

1    complaint and correct the deficiencies set forth above.

2       IV.    Leave to Amend

3       Leave to amend should be granted if it appears possible that the defects in the complaint could

4    be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70

5    F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her

6    complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of

7    the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448

8    (9th Cir. 1987)).  Here, plaintiff will be granted an opportunity to amend the complaint.

9       If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional

10   grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

11      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

12   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

13   complaint be complete in itself without reference to any prior pleading.  This is because, as a

14   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

16   longer serves any function in the case.  Therefore, in an amended complaint, as in an

17   original complaint, each claim and the involvement of each defendant must be sufficiently

18   alleged.

19      In accordance with the above, IT IS HEREBY ORDERED that:

20      1.  Defendants Farhan Malik's and John Malik's motion to dismiss (ECF No. 14) is

21   GRANTED;

22      2.  Defendants Arias' and Wells Fargo's motion to dismiss (ECF No. 25) is GRANTED;

23      3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

24   complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

25   Local Rules of Practice; the amended complaint must bear the docket number assigned this case

26   ////

27   ////

28   ////

1   and must be labeled "Second Amended Complaint"; failure to file an amended complaint in

2   accordance with this order will result in a recommendation that this action be dismissed.

3   Dated:  May 17, 2024

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9   2/malik1344.mtd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28