UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK,<br><br>             Plaintiff,<br><br>      v.<br><br>FARHAN MALIK, et al.,<br><br>             Defendants. | No.  2:23–cv–1344–TLN–CKD<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, commenced this action on July 10, 2023.  (ECF No. 1.)  On August 18, 2023, still proceeding pro se, he filed a first amended complaint (FAC, ECF No. 9) to which defendants responded.  On May 17, 2024, the undersigned granted defendants' motions to dismiss the FAC with leave to amend.  (ECF No. 48.)  Plaintiff subsequently filed a second amended complaint (SAC), this time with counsel, on June 4, 2024.  (ECF Nos. 50 & 51.)  Defendants Farhan and John Malik filed a motion to dismiss the SAC pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on June 17, 2024.  (ECF No. 57.)

On June 24, 2024, plaintiff filed a purported third amended complaint (TAC).  (ECF No. 60.)  Days later, plaintiff filed an opposition to defendants' motion to dismiss the SAC, asserting that the TAC "makes several of the arguments in the Motion moot.  However, in the event that the Court rejects the Third Amended Complaint or otherwise deems it to be inappropriately filed, Plaintiff submits the within opposition."  (ECF No. 61.)  The immediate question, therefore, is

whether this case proceeds on the TAC.

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, a party may amend its pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

When a party may not amend as a matter of course, it "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although courts should freely give leave when justice requires, a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Foman factors commonly considered are: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. Id. Undue delay alone, without a contemporaneous specific finding of prejudice, bad faith, or futility, is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Absent prejudice, or a strong showing of any of the remaining Foman factors, a presumption in favor of granting leave to amend exists under Rule 15(a). Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Applying the Foman factors in this case, plaintiff did not unduly delay filing an amended complaint in response to issues raised in defendants' 12(b) motion; the proposed TAC was filed one week later. As to the second factor, there is no evidence of bad faith or dilatory motive in plaintiff's prompt filing the of TAC. As to the third factor, while plaintiff attempted to cure deficiencies in the original complaint while proceeding pro se, the TAC is only the second complaint in this action prepared with the assistance of counsel. Nor does the timely filing of the TAC unduly prejudice defendants, and the amendment does not appear on its face to be futile. As justice requires leave to amend in this instance, the undersigned will recommend that plaintiff's implicit request for leave to amend be granted and this action proceed on the TAC.

////

Accordingly, IT IS HEREBY ORDERED THAT the hearing on defendants' motion to dismiss set for July 31, 2024, is VACATED, to be reset as needed. **However, the status conference set for that date remains on calendar.** (ECF No. 56.)

IT IS HEREBY RECOMMENDED THAT:

1. This action proceed on the Third Amended Complaint filed June 24, 2024; and
2. Defendants' motion to dismiss the Second Amended Complaint (ECF No. 57) be denied as moot and without prejudice to refiling as to the Third Amended Complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/malik1344.tac_f&rs

3