UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FARHAN MALIK, et al.,<br><br>    Defendants. | No. 2:23–cv–1344–CKD<br><br>ORDER FOR SUPPLEMENTARY BRIEFING |

Following the Initial Scheduling Conference of July 31, 2024, the court finds that supplementary briefing is required on the issue of service, in preparation for the September 11, 2024 hearing on the Malik defendants' motion to dismiss the Third Amended Complaint (TAC). See ECF Nos. 67, 80.

1. Background

In the Joint Status Report (JSR) filed July 23, 2024, the Malik defendants, proceeding pro se, assert that they have never been properly served with process in this case. ECF No. 76 at 2. At the July 31, 2024 Initial Scheduling Conference, the Malik defendants stated that they raised the issue of service in the JSR so as not to waive it. Plaintiffs' counsel said he believed they had been served earlier in the case, when plaintiff was proceeding pro se. See ECF No. 76 at 2. The Wells Fargo defendants do not contest service. See ECF No. 21 (Wells' Fargo defendants' acceptance of service of the FAC).

1

A review of the docket indicates as follows: Plaintiff filed the original complaint on July 10, 2023, with summons issued to all four defendants. ECF Nos. 1 & 2. On July 21, 2023, plaintiff filed a purported notice stating that, "according to the operating agreement of [GPM LLC] on January 1, 2018, the notice of summons and lawsuit was deemed given when it was sent to [the Malik defendants] by certified mail to their home address." ECF No. 5. Plaintiff attached an apparent copy of one page of the agreement, providing that "notice" would be deemed given when sent certified mail. Id. The context of this notice provision in the larger contract is not clear.

On August 9, 2023, defendant John Malik filed a motion to dismiss, arguing in part that service of process was insufficient under FRCP 12(b)(5). ECF No. 8 at 11. He asserted that "the 'notice' section referenced by plaintiff cannot be used to supplant the formal service of process of FRCP Rule 4" as it "refers to a notice in writing required or permitted under the Agreement" and "does not contemplate the formal service [of] summons of a complaint filed against any of its members individually, including for any claims that do not arise under the LLC Agreement." Id. at 11-12.

On August 18, 2023, plaintiff filed the first amended complaint (FAC), superseding the original complaint. ECF No. 9. On September 1, 2023, both Malik defendants filed a motion to dismiss the FAC, arguing again, in part, that service of process was insufficient. ECF No. 14 at 18-19. On May 17, 2024, the court granted the Malik defendants' motion to dismiss on other grounds, not reaching the argument about service, and gave plaintiff leave to amend. ECF No. 48.

On June 4, 2024, plaintiff's counsel filed the second amended complaint (SAC) on plaintiff's behalf. ECF No. 51. On June 17, 2024, the Malik defendants filed a motion to dismiss the SAC, which did not assert a defective service argument. ECF No. 57.

On June 24, 2024, plaintiff through counsel filed the third amended complaint (TAC). ECF No. 60. On July 8, 2024, the Malik defendants filed a motion to dismiss the TAC, which did not assert a defective service argument. ECF No. 67. This motion is currently set for hearing on September 11, 2024. ECF No. 80. Most recently, as noted above, the Malik defendants have

indicated in the JSR and at the Initial Scheduling Conference that they believe they have never been properly served in this action.

      2.  <u>Legal Standard</u>

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." <u>U.S. v. Barajas</u>, 2022 WL 6251017, *1 (N.D. Cal. Sept. 21, 2022), citing <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685 (9th Cir. 1988). Under Federal Rules of Civil Procedure Rule 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff bears the burden of proving proof of service of process. <u>Brockmeyer v. May</u>, 383 F.3d 798, 801 (9th Cir. 2004). Specifically, a plaintiff must demonstrate it has met its burden of "demonstrating legally sufficient service of process in accordance with the requirements" of Rule 4. Fed. R. Civ. P. 4; <u>Downing v. Wanchek</u>, No. CIV S-07-1599JAM EFB, 2009 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009), report and recommendation adopted, No. CIVS07-1599 JAM EFB, 2009 WL 1211658 (E.D. Cal. Apr. 29, 2009).

The Ninth Circuit has explained that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986) [internal quotations omitted]. However, even under a liberal construction, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" <u>Benny</u>, 799 F.2d at

492 (quoting <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. 1982)).

The Ninth Circuit has explained that courts "are generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved." <u>Borzeka v. Heckler</u>, 739 F.2d 444, 448 n.2 (9th Cir. 1984).  In <u>Borzeka</u>, the Ninth Circuit set forth a four-factor test governing when Rule 4 service requirements may be excused in the context of a motion to dismiss a litigant's complaint for failure to properly effectuate service—if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." 739 F.2d at 448.

A court may dismiss claims against a defendant who is not served "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  Courts must extend the service deadline if the plaintiff shows "good cause" for failing to accomplish timely service.  <u>Id.</u>

3.  <u>Order</u>

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff and the Malik defendants shall each file a short supplementary brief (up to 5 pages, not including any attached evidence) on the issue of service no later than fourteen (14) days from the date of this order.

Dated:  August 2, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/malik1344.order supp brief