1
2
3
4
5
6
7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GHAUS MALIK, et al.,                    No.  2:23-cv-1344-CKD

12                 Plaintiffs,

13          v.                                ORDER

14    FARHAN MALIK, et al.,

15                 Defendants.

16

17          Before the court are two motions to dismiss the Third Amended Complaint (TAC), filed

18    June 24, 2024.  ECF No. 60.  The Malik defendants have filed a motion to dismiss the TAC for

19    lack of jurisdiction and failure to state a claim.  ECF No. 67.  Plaintiffs have opposed the motion

20    (ECF No. 74), and defendants have filed a reply (ECF No. 82).[1]

21          The Wells Fargo defendants have filed a motion to dismiss the TAC for failure to state a

22    claim or, in the alternative, to send the claims to arbitration per the parties' arbitration agreement.

23    ECF No. 69.  Plaintiffs have filed an opposition (ECF No. 78), and the Wells Fargo defendants

24    have filed a reply.  ECF No. 84.

25    _____

26    [1] Per the court's August 2, 2024, order, plaintiffs have filed a short brief on the issue of whether
      the Malik defendants were properly served in this action.  ECF No. 86.  Plaintiffs argue that
27    defendants waived their service argument by failing to include it in their motion to dismiss the
      TAC.  The Malik defendants have filed a short brief stating that they "intend[] to waive service"
28    as to the TAC.  ECF No. 87 at 3.  Thus, the court considers this issue resolved.

                                                  1

On September 11, 2024, the undersigned held a hearing via Zoom on both motions. Daniel Cortright appeared on behalf of plaintiffs; Esther Cho and Teresa Thong appeared on behalf of the Wells Fargo defendants; and the Malik defendants appeared pro se.  At the conclusion of the hearing, the matter was taken under submission.  ECF No. 91.  This order follows.

I.    The TAC

According to the TAC, plaintiff Ghaus Malik (GM) is a longtime California resident.  Co-plaintiff G. and P. Malik LLC (GPM) is "a California limited liability company that has never been dissolved and at all relevant times to this complaint has remained in good standing."  TAC, ¶¶ 2-3.  GM's adult sons, defendants Farhan and Irfan John Malik, are residents of New York state.  TAC, ¶¶ 4-5.  Defendant Iliasser Robin Arias is also a resident of New York state.  TAC, ¶ 6.  Defendant Wells Fargo Clearing Services LLC is owned by a registered Delaware limited liability company.  TAC, ¶ 7.

Plaintiffs assert that there is federal diversity jurisdiction because this action is between citizens of different states and the amount in controversy exceeds $75,000.  They argue that venue is proper because "the property that was the source of the funds stolen by defendants was located within this judicial district, plaintiff's causes of action arose in this district, and the Operating Agreement of GPM . . . designates the State of California as the venue for any dispute between any member or manager."  TAC, ¶ 8.

The TAC alleges as follows:

A.    Company Structure

GM and his wife Parveen Malik (now deceased) registered GPM in California in 1995. TAC, ¶ 9.  The Operating Agreement, executed on April 17, 2000, listed GM as the sole general manager of the LLC and "afforded him unfettered control and discretion when it came to the management of the company and distribution of its cash proceeds."  TAC, ¶ 11.  It further provided that no member of the company would be allowed to take or sell any company assets for his or her personal benefit or withdraw any money from the company, apart from compensation for services.  TAC, ¶ 10.

On June 30, 2000, GM and Parveen executed an action by unanimous written consent of the members stating that GM was the Manager and CEO; Parveen was the Secretary and CFO; and that Farhan and John Malik, while owning a combined 66% of interest in the LLC, were non-voting members of the LLC.  TAC, ¶ 12; see Exh. 1.  On January 1, 2018, the company's Amended and Restated Operating Agreement was executed, providing that no non-officer member "may bind the company or execute any instrument on behalf of the company."  TAC, ¶ 13; see Exh. 2.  On January 29, 2018, GM filed an Amendment to the Articles of Organization with the California Secretary of State, indicating that GPM would be managed by "one manager."  TAC, ¶ 16; see Exh. 3.

On March 23, 2018, GM transferred the registration of GPM from the state of California to the State of Delaware.  TAC, ¶ 17; see Exh. 4.  On April 20, 2018, GM submitted an Application to Register Foreign LLC to the California Secretary of State, indicating that the business address of GPM was his address in Stockton, California.  TAC, ¶ 18; see Exh. 5.  On May 8, 2018, defendant John Malik filed a statement of information with the California Secretary of State indicating that GPM's business address was his address in New York but listing GM as the manager.  TAC, ¶ 19; see Exh. 6.

On March 17, 2023, GM transferred the registration of GPM from the State of Delaware back to the State of California.  TAC, ¶ 20; see Exh. 7.

B.  2018 Allegations

In March 2018, GM, as manager of the company, sold property owned by GPM for $7.2 million, to be paid in three yearly installments in 2019, 2020, and 2021, with interest.  TAC, ¶ 31.  GM agreed to have defendant John Malik handle all the sales documents and related tax returns and paperwork, as John had an MBA and told GM he was an expert in such contracts.  TAC, ¶ 31.

> GM later found out in that in connection with the filing of the 2018 LLC tax returns, . . . he and his wife Parveen had purportedly been bought out of the LLC by the Malik Defendants.  However, there had been no vote of the voting members of the LLC for any such buyout, and the Malik Defendants had no voting rights to make any such buyout offer or to finalize any buyout of the company.

TAC, ¶ 31.

> Upon GM's review of the 2018 tax returns of the LLC, he discovered that the Malik Defendants has also been committing tax fraud by moving large sums of money from the LLC's operating account to their own accounts without any authority to do so. The K1 schedules for the Malik Defendants' interest in the LLC now fraudulently showed that the Malik defendants had contributed millions of dollars in capital to the LLC, when they had never done so.

TAC, ¶ 32.

### C. 2021 Allegations

> On or about June 9, 2021, Farhan Malik conspired with his brother John Malik and held a secret meeting to try to dissolve GPM. However, as non-voting members and non-managers of GPM, they were legally without authority to dissolve GPM, as it could not be dissolved without the manager's permission and signature.

TAC, ¶ 21.

On July 18, 2021, GM attempted to review GPM bank records and found he was denied access to the account. TAC, ¶ 22. GM "later discovered" that Farhan had "likely hacked" the GPM bank account and changed the login and password information, "and that Farhan had also written a check from the GPM account for $2 million to his younger brother John Malik and transferred the rest of the funds in the GPM account under his personal control, denying GM access to those funds." TAC, ¶ 22.

On July 19, 2021, Farhan wrote to GM and explained that they did not trust him with the management of "their" LLC anymore, and that he had called a shareholder's meeting on June 9, 2021, and voted to dissolve the LLC, although John Malik abstained from the vote. TAC, ¶ 24. Farhan further stated that the LLC was in the dissolution phase and that GM must not write any more checks from the LLC, as they would bounce. TAC, ¶ 25. A May 2022 Certificate of Good Standing shows that GPM was not dissolved by the Malik defendants in 2021. TAC, ¶ 26.

### D. Wells Fargo Allegations

Defendant Arias was "the financial advisor for GPM" and a friend of Farhan Malik's. TAC, ¶ 28. Arias knew that, as sole General Manager of the company, GM is the only person authorized to endorse any checks drawn on the company account. TAC, ¶ 28. Arias cleared payment from the unauthorized checks written on GPM's account and presented by the Malik defendants

without any authority to do so and in violation of his fiduciary duty to GPM.  TAC, ¶ 28.  Arias breached his fiduciary duty to the company by not informing its only manager, GM, of the unauthorized attempts by the Malik defendants to transfer the LLC funds to their own personal accounts, and further refusing to return the LLC funds to the LLC account after GM informed him of the fraud and theft.  TAC, ¶ 28.  Arias and the Malik defendants conspired to carry out this fraud and theft without GM's knowledge or permission and tried to keep it secret from GM for as long as possible.  TAC, ¶ 29.  In the prior lawsuit in New York, Arias at one point stated that the LLC was dissolved, and in another statement to the court said the LLC is not dissolved but that Farhan Malik had replaced GM as the general manager.  TAC, ¶ 29.

Wells Fargo is vicariously liable for the fraudulent actions of its employee Arias, amounting to a breach of fiduciary duty to GM and GPM.  TAC, ¶ 30.  In response to an August 6, 2021, letter from GM complaining of this fraud and theft, Wells Fargo falsely responded that Arias had followed standard procedures for updating the authorized individuals on the company's account.  TAC, ¶ 30.

II.     Malik Defendants' Motion to Dismiss

The Malik defendants assert that the TAC should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim on which relief can be granted under Rule 12(b)(6).

A.  Subject Matter Jurisdiction

1.  Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003).  "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."  Warren v. Fox Fam. Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Thus, a jurisdictional challenge can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

In a facial attack, the moving party asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  Safe Air for Everyone v. Meyer, 373

5

F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial attack, the court must accept the factual allegations in the plaintiff's complaint as true. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White, 227 F.3d at 1242. "Where jurisdiction is intertwined with the merits, [the Court] must 'assume the truth of the allegations in the complaint ... unless controverted by undisputed facts in the record.'" Warren, 328 F.3d at 1139 (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

2. Analysis

As a preliminary matter, the Malik defendants seek to make a factual attack on subject matter jurisdiction. Although they attach various documents to their motion to dismiss, they state that their factual challenge to jurisdiction is "based entirely on" the facts as alleged in the TAC, the exhibits attached by plaintiffs to the TAC, and "other pleadings in the record of this matter."[2] ECF No. 67 at 9.[3] Since the Malik defendants' jurisdictional arguments implicate the merits of

---

[2] As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

[3] However, in their reply in support of the motion to dismiss, the Malik defendants ask the court to take judicial notice of their exhibits A-K, which "consist of public records obtained from the website of the California Secretary of State[.]" ECF No. 82 at 3-4.

1    this action—specifically, whether co-plaintiff GPM is the same company that is the subject of this

2    action, or a new company created by GM in 2023—the court will "assume the truth of the

3    allegations in the complaint … unless controverted by undisputed facts in the record" for the

4    purpose of the Rule 12(b)(1) motion.  See Warren, 328 F.3d at 1139.

5        The Malik defendants assert that plaintiffs have not established grounds for diversity

6    jurisdiction.  28 U.S.C. § 1332 authorizes district courts to exercise original jurisdiction in cases

7    in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are

8    citizens of different states.  Diversity jurisdiction requires that all plaintiffs be of diverse

9    citizenship from all defendants and that the amount in controversy exceeds $75,000. 28 U.S.C. §

10   1332(a); Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 553–54 (2005).

11       Defendants claim that plaintiffs have not shown that complete diversity exists with respect

12   to Wells Fargo.  ECF No. 67 at 9, n.7.  The TAC alleges that defendant Wells Fargo Clearing

13   Services LLC is owned by a registered Delaware limited liability company.  TAC, ¶ 7; see also

14   ECF No. 74-1 (Cortright Decl.) Exhibits 1 & 2.  Defendants do not present any evidence that

15   Wells Fargo is a citizen of California, such as would destroy diversity jurisdiction.  Notably,

16   Wells Fargo's own motion to dismiss the TAC does not contest diversity jurisdiction.  ECF No.

17   69.  Defendants also claim that the TAC does not meet the amount-in-controversy requirement

18   However, the TAC alleges that defendants misappropriated funds in the amount of nearly $6

19   million plus interest and seeks compensatory damages in that amount.  TAC at 16.  These

20   allegations sufficiently establish grounds for diversity jurisdiction.

21       The Malik defendants also assert that GM lacks standing because "he is not the correct

22   plaintiff to bring any of these causes of action."  ECF No. 67 at 12.  They argue that GM has not

23   alleged that the claimed misappropriation of GPM funds injured him personally, as opposed to the

24   company.  Id. at 12-13.

25       They also argue that the co-plaintiff GPM is not the same company that was the subject of

26   the alleged harms in 2018 and 2021, and that the injured company no longer exists.  Id. at 13.

27   The gravamen of their argument is as follows:

28           The "LLC funds" which are the subject [of this action] were . . . funds

7

belonging to an LLC which was initially formed in California on April 17, 2000. . . . [GM] transferred the registration of GPM to the state of Delaware on March 23, 2018; and, on April 20, 2018, submitted an application with the California Secretary of State to register [the company] as a foreign LLC in California. (See TAC, ¶¶ 17 and 18.)  Accordingly, . . . as of March 23, 2018, GPM was a Delaware LLC [according to] the TAC itself.

. . .

Plaintiff Malik did not transfer GPM from Delaware back to California.  On March 17, 2023, [he] cancelled the existence of GPM in Delaware, then formed a new LLC in California using the same name.

. . .

The only California entity named "G. and P. Malik LLC" currently in existence, according to the Secretary of State . . . is the 2023 LLC, formed by [GM] on March 17, 2023. . . . [Current co-plaintiff] GPM has nothing to do with any of the issues alleged in the TAC.

ECF No. 67 at 16, 20, 23.

In opposition to the motion, plaintiffs counter that

the LLC was never formally or legally 'dissolved' by any means or method . . . , it was simply transferred back to California as a valid, existing entity.  The Motion's assertion that there was a 'New LLC' allegedly formed in 2023 is unsupported by the documentary evidence attached to the TAC and to this opposition.

. . .

The Delaware Certificate of Cancellation merely cancels the LLC's registration in the State of Delaware.  It does not legally dissolve the LLC, which can only be done by a vote of the *voting members* of the LLC, which were at all times only [GM] and his wife Parveen Malik (now deceased).  As no vote of the voting members of the LLC ever took place, the LLC was never legally dissolved.

ECF No. 74 at 7-8 (emphasis in original).

In order to invoke federal jurisdiction under Article III, "the plaintiff must have a personal stake in the case—in other words, standing." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (internal citations omitted).  To establish this standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  Here,

the TAC alleges that

> GM's main personal asset was kept in the LLC operating bank
> account (including the proceeds from the sale of the real property)
> and was taken from Plaintiffs. . . . GM was then forced to move from
> his home and rent it out and live in an apartment in order to survive.

TAC, ¶ 40.  Plaintiff GM seeks compensatory damages "in the amount of the misappropriated

LLC funds," totaling almost $6 million.  TAC at 16.  The allegations in the TAC set forth the

alleged way in which this financial injury was caused by defendants.  Thus, plaintiff GM has

established standing sufficient for subject matter jurisdiction.

As to co-plaintiff GPM, the Malik defendants' argument that the company "GPM" that

was subject to alleged misappropriation in 2018 and 2021 no longer exists, and has been replaced

by a new company, is intertwined with the merits of this action.  The TAC alleges that plaintiff

GPM is "a California limited liability company that has never been dissolved and at all relevant

times to this complaint has remained in good standing."  TAC, ¶¶ 2-3.  As this statement is not

contradicted by undisputed facts in the record, the court assumes its truth for purposes of the Rule

12(b)(1) motion.  Plaintiffs have sufficiently established standing for purposes of federal

jurisdiction.

B.  Personal Jurisdiction

The Malik defendants also argue that the court lacks personal jurisdiction under Rule

12(b)(2) because, at all relevant times, they were New York residents, and all their alleged actions

took place in New York.  ECF No. 67 at 25.

1.  Legal Standard[4]

The plaintiff bears the burden of demonstrating personal jurisdiction.  In re W. States

Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 741 (9th Cir. 2013).  However, the plaintiff

is only required to make a "prima facie showing of jurisdictional facts" to withstand dismissal and

the court resolves all disputed facts in favor of the plaintiff.  Id. (citations omitted). The court may

consider evidence in affidavits and declarations in determining personal jurisdiction and it "may

---

[4] From Bueno v. Merck & Co., 2023 WL 6851994 (S.D. Cal. Oct. 16, 2023).

1    not assume the truth of allegations that are contradicted by affidavit." Macias v. LG Chem Ltd.,

2    No. 20-cv-02416-DOC-ADX, 2021 WL 780478, at * 1 (C.D. Cal. 2021) (citations omitted).

3    "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due

4    process requirements, so the jurisdictional analyses under state law and federal due process are

5    the same." Id. (citations omitted.) "For a court to exercise personal jurisdiction over a

6    nonresident defendant consistent with due process, that defendant must have 'certain minimum

7    contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional

8    notions of fair play and substantial justice.'" Id. (quoting International Shoe Co. v. Washington,

9    326 U.S. 310, 316 (1945)). A court may constitutionally exercise specific personal jurisdiction

10   over a party. Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773, 1779–80 (2017).

11   Specific jurisdiction exists when all three elements of the following test are satisfied:

12   
13   
14   
15   
16   
> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

17   Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015) (citation omitted).

18        2.   Analysis

19        Plaintiffs argue that the TAC sets forth sufficient facts to show that the Malik defendants

20   intentionally misappropriated funds from the LLC and attempted to dissolve it without legal

21   authority, and that these actions were aimed at denying GM (a California resident) the right to

22   those funds for his retirement in California. Plaintiffs further assert that GPM has at all times

23   maintained its principal address in California, citing the Amended and Restated Operating

24   Agreement (AROA) of the LLC, dated January 1, 2018, and attached to the TAC as Exhibit 2.

25   Section 1.4 of the AROA provides that "[t]he principal office of the Company shall be located

26   [in] Stockton California . . . or such other location as the Manager may determine." TAC, Exh. 2.

27        Plaintiffs also point to section 13.4 of the AROA, concerning "Governing Law," which

28

1    provides in part:

2             All issues and questions concerning the construction, validity,
          enforcement and interpretation of this Agreement shall be governed
3         by . . . the Laws of the State of California[.] . . . Each party agrees
          that it shall bring any suit, action, or other proceeding arising out of
4         or related to this Agreement . . . exclusively in any state court in
          Stockton, California or . . . the federal courts in California. Each
5         party hereto irrevocably submits to the exclusive jurisdiction of the
          courts in Stockton, California . . . [and] hereby waives any objection
6         that such court are an inconvenient forum or do not have jurisdiction
          over any party[.]
7

8    TAC, Exh. 2.

9          The AROA is signed by both of the Malik defendants. TAC, Exh. 2. Given that they

10   agreed in writing to submit to personal jurisdiction in the federal courts of California for "any

11   suit, action, or other proceeding arising out of" the LLC's operating agreement, it is disingenuous

12   to now argue that this court lacks personal jurisdiction because they live in New York. Plaintiffs

13   have met their burden of establishing personal jurisdiction as to these defendants.

14         C.  Failure to State a Claim

15         The Malik defendants next argue that the TAC fails to state a claim against them upon

16   which relief can be granted.

17         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

18   complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

19   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

20   Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "[A] complaint must contain sufficient

21   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

22   v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  In ruling on a Rule

23   12(b)(6) motion, the court may consider matters properly subject to judicial notice.  Outdoor

24   Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

25         The TAC asserts the following claims against the Malik defendants:

26         **Fraud (John Malik only).** "In California, a plaintiff alleging fraud must establish the

27   following elements: '(a) misrepresentation (false representation, concealment, or nondisclosure);

28

                                         11

1   (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable

2   reliance; and (e) resulting damage.'"  Yagman v. Kelly, 2018 WL 2138461, *11 (C.D. Cal. March

3   20, 2018), citing Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85 (2001).  The TAC alleges that

4   John Malik made a false representation that he would "draft the sales contract and LLC tax

5   returns relating to the sale of the LLC real property in 2018," implicitly conveying that he would

6   not "misappropriate the funds from the sale . . . in favor of himself and his brother Farhan[.]"

7   TAC, ¶¶ 37.  "Plaintiffs reasonably relied on these representations, as GM believed his son would

8   not attempt to defraud him out of millions of dollars[,]" and was harmed by the loss of nearly $6

9   million in LLC funds.  TAC, ¶¶ 39-40.

10         Defendants argue that "even assuming Plaintiff's allegations to be true, any such

11   misrepresentation would . . . concern *some future event*" and thus cannot give rise to a fraud cause

12   of action.  ECF No. 67 at 27 (emphasis in original).  However, when the TAC was filed, all

13   alleged elements of the fraud claim had already taken place, so this argument is unavailing.

14   Defendants argue that the alleged actions took place in New York and that GM has not

15   sufficiently alleged harm, similar to their standing and personal jurisdiction arguments.  Plaintiffs

16   have sufficiently pled fraud so as to state a plausible claim to relief under Rule 12(b)(6).

17         **Conversion.**  "Conversion is the wrongful exercise of dominion over the property of

18   another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to

19   possession of the property; (2) the defendant's conversion by a wrongful act or disposition of

20   property rights; and (3) damages[.]"  Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015).  Defendants

21   argue that plaintiffs do not establish "his/their right to the funds in the GPM account."  ECF No.

22   67 at 30.  Plaintiffs counter that "absolute ownership" of the property is not necessary, as "[a]

23   party need only allege it is entitled to immediate possession at the time of conversion."  Plummer

24   v. Day/Eisenberg, LLP, 184 Cal. App. 4th 38, 45 (2010).  The TAC alleges that, under the

25   Operating Agreement, GM had "unfettered control and discretion" to distribute the cash proceeds

26   of the LLC, and plaintiffs assert this means he was entitled to immediate possession of the funds

27   anytime he chose to make a withdrawal.  ECF No. 74 at 14.  Plaintiffs further plead and assert

28   that GPM is the same LLC harmed by defendants' actions, an issue of factual dispute.  This is

1    sufficient to survive Rule 12(b)(6) dismissal at the pleading stage.

2         **Breach of fiduciary duty.**  "The elements of a cause of action for breach of fiduciary

3    duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage

4    proximately caused by that breach."  <u>Mosier v. Southern Cal. Physicians Ins. Exchange</u>, 63 Cal.

5    App. 4th 1022, 1044 (1998) (internal citation omitted).  The Malik defendants argue that they did

6    not owe a fiduciary duty to GM, citing <u>Hammet v. Sherman</u>, 2021 WL 4692949, *3 (S.D. Cal.

7    Oct. 7, 2021) (holding that member of a member-managed LLC owed no fiduciary duty to the

8    manager); <u>see</u> Cal. Corp. § 17704.09 (providing that, in a member-managed LLC, "a member

9    does not have any fiduciary duty to the [LLC] or to any other member solely by reason of being a

10   member.").  ECF No. 67 at 33-32.  In opposition to the motion, plaintiffs do not address the

11   fiduciary duty claim nor argue that the TAC establishes that the Malik defendants had a fiduciary

12   duty to either plaintiff.  Thus, the court will grant the Maliks defendants' motion to dismiss as to

13   this claim.

14        **Elder Abuse.**  There are three types of financial elder abuse under Cal. Welfare and

15   Institutions Code § 15610.30: (1) taking real or personal property of an elder for a wrongful use

16   or with intent to defraud; (2) assisting in the same; and (3) taking real or personal property of an

17   elder by undue influence.  <u>Levin v. Winston-Levin</u>, 39 Cal. App. 5th 1025, 1034 (2019) (internal

18   citations quotes omitted).  Based on the allegations set forth above and in support of plaintiffs'

19   elder abuse claim (TAC, ¶¶ 60-65), the court finds that the TAC states a cognizable claim under

20   Rule 12(b)(6).

21        Plaintiffs also seek damages under Cal. Civ. Code § 3281 and injunctive relief in the form

22   of "an order expelling Farhan Malik and John Malik from the LLC."  TAC, ¶¶ 67-76.  These are

23   sufficiently pled at this stage, subject to factual development.

24        Based on the foregoing, the court will grant the Malik defendants' motion to dismiss the

25   breach of fiduciary duty claim against them, and otherwise deny the motion.

26        III.   <u>Wells Fargo Defendants' Motion to Dismiss</u>

27        The Wells Fargo defendants assert that the TAC "contains threadbare legal conclusions"

28   against Arias and Wells Fargo and fails to state a claim against either defendant under Rule

13

1   12(b)(6).  They further contend that, if the case is not dismissed as to Arias and/or Wells Fargo,

2   the claims must be compelled to arbitration pursuant to the Federal Arbitration At ("FAA"), 9

3   U.S.C. §§ 1 *et seq.*, "as required by the valid arbitration clause in the client account agreement

4   signed by Mr. Ghaus and Farhan Malik when they opened the [account] for their family company

5   with Wells Fargo."  ECF No. 69-1 at 17.

6        In their opposition brief, plaintiffs "wish to inform the Court that they have <u>agreed</u> with

7   defense counsel to arbitrate their claims against [the Wells Fargo] Defendants under the FINRA

8   rules . . . and stipulate to stay this action as to Defendants pending the outcome of that

9   arbitration."  ECF No. 78 at 1 (emphasis in original); <u>see also</u> ECF No. 76 at 3. The parties agree

10  that plaintiffs' claims against the Wells Fargo defendants "fall squarely within the ambit of the

11  arbitration clause" and "arbitration is mandatory in this case."  ECF No. 78 at 1; <u>see</u> ECF No. 69-

12  1 at 17-22.  Accordingly, plaintiffs reason, "[s]taying this case as to Defendants pending the

13  outcome of their arbitration makes [defendants'] Motion moot and provides the parties with their

14  agreed-to choice of forum for their dispute."  ECF No. 78.  Plaintiffs contend there is no need for

15  the court to reach the merits of defendants' Rule 12(b)(6) arguments.

16       In reply, the Wells Fargo defendants counter that, while the parties agree "that this Court is

17  the wrong forum for plaintiffs' claims against" them,

18       Wells Fargo and Mr. Arias are not precluded from dismissal from
         this case in this forum for Plaintiffs' failure to state a claim.
19       Dismissing Plaintiffs' claims here is proper and would not prevent
         Plaintiffs from re-filing their claims in the proper forum: FINRA[5]
20       Dispute Resolution.

21  ECF No. 84 at 2.  They seek "an order staying the entire action [against them] pending arbitration

22  . . . , if the claims against them are not dismissed," citing <u>Sparling v. Hoffman Constr. Co.</u>, 864

23  F.2d. 635, 638 (9th Cir. 1988) for the proposition that the court has discretion to dismiss the

24  claims in lieu of staying them pending arbitration.  ECF Nos. 69-1 at 23 & 84 at 8.

25       In <u>Domingo v. Underground Construction Co.</u>, 1:22-cv-0487 AWI SAB, 2022 WL

26  3578578, *2 (E.D. Cal. Aug. 18, 2022), the parties agreed that the claims were subject to

27

28  _____
    [5] Financial Industry Regulatory Authority (FINRA).

1  arbitration.  "The only real dispute appears to be whether the Court should dismiss this case

2  outright or simply stay the matter until arbitration is complete."  Id.  The court expressed "a

3  general preference to dismiss cases in which all claims are subject to arbitration," required the

4  parties to submit all claims to arbitration in accordance with the arbitration agreement, and closed

5  the case.

6       However, in the opinion recently issued in Smith v. Spizzirri, 601 U.S. 472, 478-79

7  (2024), the Supreme Court held that "[w]hen a district court finds that a lawsuit involves an

8  arbitrable dispute, and a party requests a stay pending arbitration, the FAA compels the court to

9  stay the proceeding."  Spizzirri rejected the notion that "district courts retain inherent authority to

10  dismiss proceedings subject to arbitration," as the statutory language "overrides any discretion a

11  district court might have to dismiss a suit when the parties have agreed to arbitration."  Id. at 477.

12  See Herrera v. Cathay Pacific Airways Ltd., 104 F.4th 702, 710 (9th Cir. 2024) ("In its motion to

13  compel arbitration filed prior to the Supreme Court's decision in Spizzirri, [defendant] requested

14  that the court dismiss or, in the alternative, stay the action pending arbitration.  Since Spizzirri

15  made clear that a district court does not have discretion to dismiss the action when granting a

16  motion to compel arbitration under 9 U.S.C. § 3, the court is compelled to grant [defendant's]

17  alternative request for a stay.").

18       Here, plaintiffs confirmed at the September 11, 2024, hearing that they request a stay of

19  this action pending arbitration.  Under Spizzirri, the court is compelled to stay the proceeding and

20  will grant defendants' motion insofar as it seeks this outcome.

21       Accordingly, IT IS HEREBY ORDERED THAT:

22  1.  The Malik defendants' motion to dismiss (ECF No. 67) is GRANTED as to the breach

23     of fiduciary duty claims against Farhan Malik and John Malik, and otherwise

24     DENIED.

25  2.  The Wells Fargo defendants' motion to dismiss or, alternatively, compel arbitration

26     (ECF No. 69) is PARTIALLY GRANTED as follows: All claims against the Wells

27     Fargo defendants shall be subject to binding FINRA arbitration, and these court

28     proceedings are STAYED as to defendants Wells Fargo and Arias pending completion

1    of arbitration.

2    3.   No later than fourteen (14) days from the date of this order, plaintiffs and the Malik

3         defendants shall file proposed pretrial dates, including discovery and dispositive

4         motion deadlines.  The parties are strongly encouraged to submit a joint proposal if

5         possible.  The parties need not propose deadlines beyond the dispositive motion

6         deadline at this time.  At any time, any party may request a settlement conference in

7         an attempt to expedite resolution of this matter.

8         SO ORDERED.

9

10   Dated:  September 17, 2024

11                                                    _____
                                                      CAROLYN K. DELANEY
12                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15   2/malik1344.mtds.tac

16

17

18

19

20

21

22

23

24

25

26

27

28