UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHAUS MALIK, et al., | No. 2:23–cv–01344–CKD |
| Plaintiffs, | ORDER |
| v. | |
| FARHAN MALIK, et al., | |
| Defendants. | |

Before the court is pro se plaintiff Ghaus Malik's motion for reconsideration of the November 7, 2025 order granting summary judgment for defendants on plaintiff's elder abuse claims. (ECF Nos. 143 & 146.) This case was closed on November 24, 2025. The parties have consented to magistrate judge jurisdiction for all purposes (ECF No. 73), and there is no district judge assigned to this case. Thus, the undersigned considers plaintiff's motion for reconsideration of the final order as to the elder abuse claims.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "within a reasonable time," and for reasons (1)-(3) "no more than

1

a year after the entry of the judgment or order" being contested. Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion for reconsideration attempts to relitigate factual issues that were addressed on summary judgment. It does not meet any of the factors for Rule 60(b) relief: There is no showing of mistake or neglect, newly discovered evidence, or any other extraordinary circumstances warranting relief from judgment. Plaintiff has litigated his claims in federal court for over two years, both with and without counsel, through multiple iterations of his complaint. The court carefully considered the evidence on summary judgment and rendered a judgment for defendants, and the matter is now closed. Plaintiff's request for the court to revisit its summary judgment ruling on the elder abuse claims will be denied.

Plaintiff has also filed a post-judgment "Notice of Settlement." (ECF No. 145.) There is no reason to file such documents, as the case is now closed, and whatever agreements the parties reach, or future disagreements between them, are private matters outside this court's jurisdiction. All future frivolous filings in this closed case will be disregarded.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for reconsideration as to the elder abuse claims (ECF Nos. 143 & 146) is DENIED.

Dated: December 11, 2025

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/malik1344.R60

2